UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALEXANDER ROY SINCLAIR,

        Petitioner,

v.

CLARK COUNTY COURTHOUSE, *et al.*,

        Respondents.

Case No. C22-5223-DGE-MLP

REPORT AND RECOMMENDATION

        Petitioner Alexander Sinclair, proceeding *pro se*, is confined at the Clark County Jail in Vancouver, Washington, where he is awaiting trial on unspecified charges. (Dkt. # 1-1.) On April 4, 2022, he presented to the Court for filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. (*Id.*) Petitioner's petition is somewhat difficult to understand, though he appears to allege that his speedy trial rights have been violated and he has been unlawfully imprisoned because he has been held without arraignment for almost two years, that he has received ineffective assistance of counsel, and that prosecutors have committed perjury in the course of the prosecution. (*Id.* at 1, 3, 12-13.) Petitioner requests dismissal with prejudice of charges against him, release from custody, compensation for each day he has been held and for force used against him, and an order that the F.B.I. investigate the use of force on him. (*Id.* at 19, 21.)

REPORT AND RECOMMENDATION - 1

After reviewing Petitioner's petition, this Court issued an Order directing Petitioner to show cause why this action should not be dismissed in accordance with the *Younger* abstention doctrine. (Dkt. # 4.) The Court observed in the Order to Show Cause that because Petitioner is awaiting adjudication of his pending criminal charges in Clark County Superior Court, his claims of speedy trial rights violations, violation of his right to counsel, and prosecutorial misconduct would necessarily require this Court to become involved in his ongoing state court criminal proceedings. (*Id.* at 2.) The Court went on to explain that federal courts will generally not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate (*id.* (citing *Younger v. Harris*, 401 U.S. 37 (1971)), and that Petitioner's pleading did not reveal any extraordinary circumstances which would appear to justify this Court's intervention in his ongoing state court proceedings (*id.*).

The Court also advised Petitioner that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus. (Dkt. # 4 at 2-3 (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980); *Younger*, 401 U.S. 37).)

Petitioner filed a response to the Order to Show Cause which, like his petition, lacks clarity. (Dkt. # 7.) However, Petitioner appears to reiterate his claims of speedy trial rights violations, violation of his right to counsel, and police and prosecutorial misconduct.[1] (*Id.* at 1

---

[1] Petitioner appears to add new claims of "police brutalities" based on use of a taser during his incarceration. (Dkt. # 7 at 3.) To the extent Petitioner claims that police (or prison officials) used excessive force, his claims are more properly raised in an action under 42 U.S.C. § 1983 as such claims do not provide any basis for Petitioner's release from custody. The Court observes that Petitioner filed in this district a civil rights action asserting § 1983 claims pertaining to his conditions of confinement at the Clark County Jail. *See Sinclair v. Clark County*, C21-5633-BJR-DWC. Such claims may not be duplicated here.

REPORT AND RECOMMENDATION - 2

("report that was falsified"), 3 ("police brutalities of excessive force"), 6 ("Ongoing misconduct in the criminal cases"), 19 ("defense attorney . . . misrepresentation"; "speedy trial right").)

None of Petitioner's arguments demonstrate that his intended claims are eligible for federal habeas review. He has not shown any extraordinary circumstances that would justify this Court's intervention in his ongoing state court proceedings, and has not shown that he has exhausted available state judicial remedies. The Ninth Circuit has expressly declined to apply the irreparable harm exception to *Younger* abstention where a pre-conviction federal habeas petition seeks to vindicate a Petitioner's speedy trial affirmative defense. *Bean v. Matteucci*, 986 F.3d 1128, 1134 (9th Cir. 2021); *Page v. King*, 932 F.3d 898, 904 (9th Cir. 2019). Thus, even assuming Petitioner has a viable speedy trial claim, the claim is not properly before this Court at the present time. Similarly, right to counsel and prosecutorial misconduct claims, "[l]ike other rights designed to ensure a fair trial, . . . can be vindicated through reversal of the improperly-obtained conviction." *Page*, 932 F.3d at 904. Petitioner's claims are not properly before this Court at the present time.

As Petitioner has not identified any viable claim for relief in his petition for writ of habeas corpus, this Court recommends that the petition and this action be dismissed without prejudice. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed

within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **June 24, 2022**.

The Clerk is directed to send copies of this Report and Recommendation to Petitioner and to the Honorable David G. Estudillo.

Dated this 27th day of May, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4